121 T.C. No. 16

UNITED STATES TAX COURT

EDWINA DIANE CAMPBELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2604-02.                    Filed November 24, 2003.

By Final Notice of Determination dated Nov. 6, 2001, R determined that P was not entitled to relief from joint and several liability relating to 1989 because the request was, pursuant to sec. 6015, I.R.C., filed more than 2 years after R's first collection activity against P. On Feb. 1, 2002, P filed, pursuant to sec. 6015(e)(1), I.R.C., a petition seeking review of R's determination. On Mar. 10, 2003, P filed a Motion for Partial Summary Judgment and on Mar. 31, 2003, R filed a Notice of Objection and Cross-Motion for Summary Judgment. The issue in both parties' motions is whether R's application of P's overpayment, relating to 1998, as a credit against P's 1989 tax liability is, pursuant to sec. 6015, I.R.C., a collection activity that bars P's request for relief relating to 1989.

Held:  R's offset of P's overpayment is, pursuant to sec. 6015, I.R.C., a collection activity.

Held, further, P's Motion for Partial Summary Judgment is denied.

Held, further, R's Cross-Motion for Summary Judgment is granted.  There is no genuine issue as to whether P is entitled to relief from joint and several liability relating to 1989 because P's election was, pursuant to sec. 6015, I.R.C., filed more than 2 years after R's first collection activity against P.


Edwina Diane Campbell, pro se.

Erin K. Huss, for respondent.


OPINION


FOLEY, Judge:  This matter is before the Court on Petitioner's Motion for Partial Summary Judgment and Respondent's Notice of Objection and Cross-Motion for Summary Judgment pursuant to Rule 121.[1]  The sole issue for decision is whether respondent's application of petitioner's overpayment, relating to 1998, as a credit against petitioner's 1989 tax liability is, pursuant to section 6015, a collection action that bars petitioner's request for relief from joint and several liability relating to 1989.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On May 13, 1999, respondent applied, pursuant to section 6402(a), petitioner's overpayment, relating to 1998, as a credit against a portion of petitioner's 1989 tax liability and sent petitioner written notification thereof.  On July 23, 2001, petitioner requested, pursuant to section 6015(b), (c), and (f), relief from joint and several liability relating to her 1989 joint Federal income tax return filed with Alvin L. Campbell.

By Final Notice of Determination dated November 6, 2001, respondent determined that petitioner was not entitled to relief from joint and several liability relating to 1989 because the request was, pursuant to section 6015, filed more than 2 years after respondent's first collection activity against petitioner.

On February 1, 2002, petitioner, while residing in Tucson, Arizona, filed a petition pursuant to section 6015(e)(1) seeking review of respondent's determination.  Petitioner, on March 10, 2003, filed a Motion for Partial Summary Judgment, accompanied by a Memorandum of Points and Authorities, and Affidavit in support thereof.  On March 31, 2003, respondent filed a Notice of Objection and Cross-Motion for Summary Judgment, accompanied by Declarations, and Memorandum of Law in support thereof. Petitioner, on April 16, 2003, filed an Opposition to Respondent's Cross-Motion for Summary Judgment.

## Discussion

An election pursuant to section 6015(b), (c), or (f) must be made within 2 years of respondent's first collection activity taken after July 22, 1998, against the individual making the election.[2] Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g)(2), 112 Stat. 740; sec. 6015(b)(1)(E), (c)(3)(B); Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 449.

Petitioner contends that respondent's offset of her overpayment is not, pursuant to section 6015, a collection activity. We disagree. The offset of an overpayment is by its plain and ordinary meaning a collection activity pursuant to section 6015. See Perrin v. United States, 444 U.S. 37, 42 (1979) (stating that "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning"); Trent v. Commissioner, T.C. Memo. 2002-285 (stating that nonlevy collection actions include "offsetting overpayments

---

[2] On July 18, 2002, the Commissioner published final regulations, pursuant to section 6015, that define a collection activity to include "an offset of an overpayment of the requesting spouse against a liability under section 6402". Sec. 1.6015-5(b)(2)(i), Income Tax Regs. These regulations are applicable to all requests for relief from joint and several liability filed on or after July 18, 2002, and, thus, not applicable to petitioner's request, which was filed before that date. Sec. 1.6015-9, Income Tax Regs.

from other tax years after the requesting spouse files for relief"). Because petitioner reported overpayments of tax on her 1998 return, she generally would be entitled to claim a refund. See sec. 6511(a), (b)(1); Commissioner v. Lundy, 516 U.S. 235, 240 (1996). Pursuant to section 6402(a), however, respondent used petitioner's overpayment to partially satisfy her 1989 tax liability. Thus, respondent engaged, pursuant to section 6015, in a collection activity against petitioner. Because petitioner's election was filed more than 2 years after that collection activity (i.e., respondent applied the overpayment and sent petitioner written notification thereof on May 13, 1999, and on July 23, 2001, petitioner elected relief), there is no genuine issue as to whether petitioner is entitled to relief from joint and several liability relating to 1989. See Rule 121(b); Natl. Indus., Inc. v. Republic Natl. Life Ins. Co., 677 F.2d 1258, 1265 (9th Cir. 1982). Thus, Petitioner's Motion for Partial Summary Judgment is denied, and Respondent's Cross-Motion for Summary Judgment is granted.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and decision will be entered.