T.C. Memo. 2004-170

UNITED STATES TAX COURT

CYNTHIA J. HALL, Petitioner, AND
THOMAS E. HALL, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7459-02.                    Filed July 20, 2004.

Cynthia J. Hall, pro se.

Thomas E. Hall, pro se.

<u>Randall E. Heath</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment.  The issue for decision
is whether respondent's application of petitioner's overpayment
relating to 1998 as a credit against petitioner's 1995 tax

liability bars granting petitioner's request for relief from joint and several liability, pursuant to section 6015,[1] for 1995.

Background

On or about April 15, 1996, petitioner and her husband, Thomas E. Hall, requested an extension to file their joint Federal income tax return for 1995. On this same date, respondent applied a withholding credit of $19,079 to their account for 1995.

On or about October 27, 1997, petitioner and her husband filed a joint return for 1995 (joint return). They reported a tax due of $20,949. Accordingly, after application of the $19,079 withholding credit, there was a balance due of $1,870.

On December 8, 1997, respondent assessed the tax reported on the joint return, a "late filing penalty" of $420.75, a "failure to pay tax penalty" of $187, and "interest assessed" of $347.14 (1995 tax liability).

On or about April 15, 1999, petitioner filed a return for 1998 claiming a $54 refund due (1998 overpayment). That same date, respondent applied petitioner's 1998 overpayment to the outstanding balance on the 1995 tax liability.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

On June 7, 1999, respondent mailed petitioner a letter notifying her that her 1998 overpayment had been applied to the 1995 tax liability.

On May 23, 2000, petitioner and her husband divorced. The decree of dissolution of marriage, entered by the Superior Court for the State of Alaska, incorporated the written agreement between petitioner and her husband concerning tax consequences and allocation of obligations. In their petition for dissolution of marriage, dated March 31, 2000, petitioner and her husband had listed their debts, who owed the debts, and who they agreed would be responsible for paying the debts as follows:

| Owed To | Amount | Presently Owed By | To Be Paid By |
| --- | --- | --- | --- |
| IRS-Thomas 1993 & 1994 | $7,000.00 | Husband | Husband |
| IRS-Joint 1995 | 3,407.05 | Joint | Husband |
| IRS-Joint 1997 | 5,789.00 | Joint | Husband & Wife |

On October 12, 2000, respondent received a $1,961.86 payment on the 1995 tax liability. This payment represented petitioner's Alaska permanent fund payment for 2000.

On September 10, 2001, petitioner submitted a Form 8857, Request For Innocent Spouse Relief, requesting equitable relief for 1995, 1997, 1999, and 2000 (request for relief).[2]

---

[2] The only year before the Court in this proceeding is petitioner's 1995 tax year.

On September 28, 2001, respondent received petitioner's request for relief.

On January 30, 2002, in a final notice of determination, respondent determined that petitioner was not entitled to relief for 1995 pursuant to section 6015 because she submitted the request for relief more than 2 years after respondent's first collection activity against her.

On April 16, 2002, petitioner, while residing in Soldotna, Alaska, filed a letter which the Court treated as an imperfect petition for determination of relief from joint and several liability on a joint return. That same day, the Court ordered petitioner to file, on or before May 14, 2002, a proper amended petition for determination of relief from joint and several liability on a joint return.

On May 21, 2002, petitioner filed an amended petition for determination of relief from joint and several liability on a joint return seeking review of respondent's determination to deny equitable relief.

On April 29, 2003, respondent filed a motion for summary judgment.

On April 30, 2003, the Court ordered petitioner to file a response to respondent's motion for summary judgment on or before May 14, 2003, and calendared the motion for summary judgment for hearing at the Court's Anchorage, Alaska, trial session.

On May 19, 2003, petitioner filed a response to respondent's motion for summary judgment.

On June 24, 2003, the Court filed intervenor's reply to petitioner's response to respondent's motion and intervenor's response to respondent's motion for summary judgment.

On September 2, 2003, petitioner filed a response to intervenor's reply to petitioner's response to motion for summary judgment.

As of the date of the hearing, the outstanding balance on the 1995 tax liability was $859.

Discussion

An election pursuant to section 6015(b), (c), or (f) must be made within 2 years of the Commissioner's first collection activity taken after July 22, 1998, against the taxpayer making the election. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g)(2), 112 Stat. 740; sec. 6015(b)(1)(E) and (c)(3)(B); Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 449.[3] The offset of an overpayment is a collection activity pursuant to section 6015. Campbell v. Commissioner, 121 T.C. 290, 292 (2003); see also secs. 1.6015-5(b)(2)(i), 1.6015-9, Income Tax Regs. (defining an offset of an overpayment against a liability pursuant to section 6402 as a

_____

[3] We note that petitioner does not question the validity of Rev. Proc. 2000-15, 2000-1 C.B. 447; therefore, we need not address the validity of the Revenue Procedure.

collection activity effective for requests for relief from joint and several liability filed on or after July 18, 2002).

Pursuant to section 6402(a), respondent applied petitioner's 1998 overpayment against her 1995 tax liability. Accordingly, respondent engaged in a collection activity against petitioner.

Respondent's first collection activity after July 22, 1998, occurred on April 15, 1999. Petitioner submitted her request for relief on September 10, 2001. Accordingly, petitioner made her request for relief more than 2 years after respondent's first collection activity after July 22, 1998. Therefore, petitioner's request for relief was untimely, and she is not entitled to relief pursuant to section 6015. See Campbell v. Commissioner, supra at 292-293.

Petitioner claims that it is unfair to deny her relief because she thought her divorce decree relieved her of the 1995 tax liability. While we sympathize with petitioner, her request for relief was untimely.

To reflect the foregoing,

An appropriate order and decision will be entered.