123 T.C. No. 19

UNITED STATES TAX COURT

NATALIE W. MCGEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2884-03.            Filed October 18, 2004.


By notice of determination dated Nov. 22, 2002, R denied P's request for relief under the equitable relief provisions of sec. 6015(f), I.R.C., for the taxable year 1997 solely because P's request was made more than 2 years after R's first collection activity on the 1997 account. In May 1999, R withheld a $291 refund P claimed on her 1998 individual Federal income tax return to partially offset the unpaid 1997 joint liability. R's related notice of offset did not advise P of her rights to seek relief under sec. 6015, I.R.C.

Held: The May 1999 offset was a collection action. Campbell v. Commissioner, 121 T.C. 290 (2003).

Held, further, The Commissioner is required to include with collection-related notices, such as the letter sent to P informing her of the withholding of her refund for 1998, a description of taxpayers' rights under

sec. 6015, I.R.C.  Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), sec. 3501(b), Pub. L. 105-206, 112 Stat. 770.

Held, further, It is inequitable and an abuse of discretion for R to apply the 2-year limitation period of Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 449, because of R's failure to send the notice required by RRA 1998 sec. 3501(b).

Natalie W. McGee, pro se.

Marshall R. Jones, for respondent.

OPINION

GOEKE, Judge:  The sole matter before the Court is whether it was an abuse of discretion for respondent to deny petitioner's request for equitable relief from joint liability based on section 6015(f)[1] solely because petitioner made her request more than 2 years after respondent's first collection activity.

Petitioner challenges the application of the 2-year limit on section 6015(f) requests imposed by Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 449, when inadequate notice of collection activity was sent to her, and, as a result, she did not become aware of her section 6015 rights until after the 2-year period expired.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code currently in effect.

Background

Petitioner timely filed a petition requesting a review of respondent's denial of her request for equitable relief under section 6015(f) following respondent's denial of such relief in a notice of determination issued on November 22, 2002. Respondent denied relief solely because petitioner's Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), was untimely. Respondent argues that the 2-year period began with the first collection activity on May 17, 1999. At the time the petition was filed, petitioner resided in Birmingham, Alabama.

Petitioner and her former spouse filed a joint Federal income tax return for 1997 (the return). The return was dated October 14, 1998. The return showed a joint tax liability of $11,252. The only payment made regarding this liability was the withholding from petitioner's earnings as a teacher in the amount of $3,137, leaving an unpaid liability of $8,328. Petitioner's former spouse was a self-employed veterinarian and no estimated tax payments were made regarding his business income. The unpaid liability for 1997 and related additions to tax and interest are the source of the present dispute.

On May 17, 1999, respondent withheld a $291 refund petitioner claimed on her 1998 individual Federal income tax return to partially offset the unpaid 1997 joint liability (the

offset).  At or about that time, respondent sent petitioner a letter notifying her of the offset.  This letter was not in respondent's administrative file and is not a part of the record, but based on petitioner's testimony and the parties' agreement at trial, this notice is consistent with a similar notice petitioner received on August 13, 2001.  Neither of the notices sent to petitioner regarding the offset advised petitioner of her potential rights to relief under section 6015.  As a result, petitioner was unaware of those rights until she hired an attorney in late 2001 after a problem arose with her credit rating because a notice of Federal tax lien had been filed on her residence.  On February 17, 2002, petitioner filed with respondent an executed Form 8857 with respect to the 1997 liability.

Discussion

Section 6013(d)(3) provides that married individuals who file a joint return are jointly and severally liable for the tax arising from the return.  Section 6015 provides that notwithstanding section 6013(d)(3), an individual who filed a joint return may seek relief from joint liability under three specific alternatives set forth in subsections (b), (c), and (f) of section 6015.  This case only involves a request for relief under subsection (f), which provides that the Secretary may relieve an individual of joint liability if subsections (b) and

(c) do not apply, and, if, based on the facts and circumstances, it is inequitable to hold the individual liable for the joint unpaid tax or deficiency.

Respondent argues it is not necessary to use a facts and circumstances analysis in this case because petitioner's request for relief was not submitted to respondent within 2 years of the first collection action on the 1997 joint liability. As a result, respondent made no analysis of the facts and circumstances in denying petitioner's request.

Section 6015(b)(1)(E) and (c)(3)(B) provides that requests for relief under each of these two subsections must be made not later than 2 years after "the Secretary has begun collection activities." Applicable at the time of petitioner's request for relief, Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 449, provides that requests under section 6015(f) must also be made within 2 years "of the first collection activity against the requesting spouse."[2] Section 6015(f) does not impose a limitation period. Respondent bases his position on Rev. Proc. 2000-15, sec. 5, maintaining that the offset was a "collection activity". However, respondent also asserts that a "collection-

---

[2]Rev. Proc. 2000-15, 2001-1 C.B. 447, is applicable for requests for relief under sec. 6015 made before July 18, 2002. Thereafter, secs. 1.6015-0 through 1.6015-9, Income Tax Regs., are operative. Since secs. 1.6015-0 through 1.6015-9, Income Tax Regs., are not applicable to petitioner's request for relief, we do not address the regulations here.

related notice" was not required to be sent to petitioner because the offset only merited an "accounting adjustment" notice. In other words, respondent asserts the offset was a collection activity under the revenue procedure but that the notice of the offset is not a collection-related notice.

The 2-year limitation period applicable to section 6015(b) and (c) was added to the Internal Revenue Code by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), sec. 3201(a), Pub. L. 105-206, 112 Stat. 734. RRA 1998 sec. 3501, 112 Stat. 770, required that the Commissioner change collection-related notices to inform individuals subject to joint liability of their rights to relief under section 6015. RRA 1998 sec. 3501(b), 112 Stat. 770.[3] RRA 1998 sec. 3501 is part of the

---

[3]RRA 1998 sec. 3501 provides as follows:

SEC. 3501. EXPLANATION OF JOINT AND SEVERAL LIABILITY.

(a) In General.--The Secretary of the Treasury or the Secretary's delegate shall, as soon as practicable, but not later than 180 days after the date of the enactment of this Act, establish procedures to clearly alert married taxpayers of their joint and several liabilities on all appropriate publications and instructions.

(b) Right to Limit Liability.--The procedures under subsection (a) shall include requirements that notice of an individual's right to relief under section 6015 of the Internal Revenue Code of 1986 shall be included in the statement required by section 6227 of the Omnibus Taxpayer Bill of Rights (Internal Revenue Service Publication No. 1) and in any collection-related notices.

public law but was not codified.  However, despite not being incorporated into the Code, RRA 1998 sec. 3501, has the force of law.  See, e.g., <u>Rochelle v. Commissioner</u>, 116 T.C. 356, 358 n.2 (2001), affd. 293 F.3d 740 (5th Cir. 2002); <u>Smith v. Commissioner</u>, 114 T.C. 489, 491 (2000), affd. 275 F.3d 912 (10th Cir. 2001).

Respondent offers inconsistent meanings of the word "collection" in the context of offsets as between Rev. Proc. 2000-15, sec. 5, and RRA 1998 sec. 3501(a).  Respondent argues that collection actions requiring notice only occur when the taxpayer retains a right to prevent the actual collection action from occurring.  However, RRA 1998 sec. 3501 makes no such distinction and requires the Commissioner to send notice regardless of the type of collection activity that is occurring. The notice is not intended to preempt collection action; rather, it is intended to be informative.

Congress enacted the change to collection-related notices in connection with the same statutory scheme that added the 2-year period of limitations to claims made under subsections (b) and (c) of section 6015.  S. Rept. 105-174, at 59-60 (1998), 1998-3 C.B. 537, 595-596.  The legislative history makes it clear that Congress imposed the 2-year limitation period as part of a new statutory mechanism that also requires the Commissioner to alert taxpayers to their section 6015 rights.  <u>Id.</u>; see also H. Conf.

Rept. 105-599, at 251 (1998), 1998-3 C.B. 747, 1005. In addition, RRA 1998 sec. 3501 and the legislative history reflect Congress's view that knowledge of the relief provisions by married taxpayers was important to the effective application of section 6015. Section 6015 added new options for taxpayers seeking relief from joint liability. See King v. Commissioner, 115 T.C. 118, 120 (2000); Corson v. Commissioner, 114 T.C. 354, 359 (2000). The notice of the offset in this case (the "accounting adjustment" notice) did not inform petitioner of her section 6015 rights, and, as a result, petitioner was unaware of her rights to relief under section 6015 until she hired counsel in late 2001.

The incongruity of respondent's position is untenable. The offset was a collection action. Campbell v. Commissioner, 121 T.C. 290, 292 (2003). Accordingly, the notice of the offset was a collection-related notice and should have included the information required by RRA 1998 sec. 3501(b).

Respondent asserts that petitioner's claim is nonetheless barred by the 2-year limitation period reflected in Rev. Proc. 2000-15, sec. 5. Rev. Proc. 2000-15, supra, has been cited and referenced by this Court in determining whether the Commissioner abused his discretion in determinations regarding section 6015(f). Campbell v. Commissioner, supra at 292; Hall v. Commissioner, T.C. Memo. 2004-170. We have not previously been

faced with the Commissioner's reliance on the 2-year limitation period when the Commissioner took an inconsistent position in failing to provide the collection-related notice required by RRA 1998 sec. 3501(a).  In this case, respondent's treatment of the offset as a collection action, coupled with his failure to send petitioner notice of her section 6015 rights as required by RRA 1998 sec. 3501, resulted in petitioner's failure to seek section 6015(f) relief within 2 years after the first collection action because she did not know of her rights.  The problem here is not with the language of the revenue procedure per se, but that the revenue procedure has been interpreted in this case in a fashion inconsistent with respondent's application of the public law, and that interpretation causes a result that is inconsistent with the statutory scheme.

It would be inequitable if respondent could prevent review of a request for relief under section 6015(f) by failing to inform petitioner of her right to relief in defiance of a congressional mandate.  Such a result would be contrary to the very purpose of section 6015(f), which is to relieve inequitable situations involving joint liabilities.  Respondent's administrative interpretations are given little weight when inconsistent with a statutory scheme.  <u>United States v. Vogel Fertilizer Co.</u>, 455 U.S. 16, 26 (1982); <u>FEC v. Democratic Senatorial Campaign Comm.</u>, 454 U.S. 27, 30 (1981).  Rev. Proc.

2000-15, sec. 5, should not be applied in a manner which frustrates the legislative intent of section 6015 and the related public law.

Accordingly, we hold that the running of the 2-year period set forth in Rev. Proc. 2000-15, sec. 5, was not commenced by the collection activity in May 1999. Respondent's contrary interpretation of Rev. Proc. 2000-15, sec. 5, is an abuse of discretion.[4]

In Rochelle v. Commissioner, supra, and Smith v. Commissioner, supra, we upheld the adequacy of notices of deficiency despite their failure to state accurately the Tax Court petition due date where there was no prejudice to the taxpayers as a result of the Commissioner's failure to follow the public law. The petition due dates in those cases were statutory, not provided by a revenue procedure. Regardless, we specifically stated in Rochelle that "Simply put, this is not a case of taxpayer prejudice which Congress intended to rectify". Rochelle v. Commissioner, 116 T.C. at 363. Our holding in Smith relied on the lack of prejudice to the taxpayer, stating: "where respondent failed to put the petition date on the notice, and petitioners nevertheless received the notice and filed a petition

---

[4]Petitioner also argues that it is inappropriate to have a strict limitations period on sec. 6015(f) because sec. 6015(f) is designed to address inequitable situations. Because of our analysis in this case, it is not necessary for us to reach this argument.

in a timely manner, such notice was valid." <u>Smith v. Commissioner</u>, 114 T.C. at 492.

In the present case, respondent's failure to follow section 3501(a) resulted in prejudice to petitioner by causing her to fail to realize that she had rights to relief under section 6015 until more than 2 years after respondent applied her refund. Unlike the notices of deficiency in <u>Rochelle</u> and <u>Smith</u>, which notified the taxpayers of the 90-day period and the right to petition the Tax Court, the notice of offset in the present case did not give petitioner any information about her rights under section 6015.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.