T.C. Memo. 2005-9

UNITED STATES TAX COURT

KIRSTEN NELSON, a.k.a. KIRSTEN E. HILLSTROM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18144-02.          Filed January 25, 2005.

Kirsten Nelson, a.k.a. Kirsten E. Hillstrom, pro se.

<u>Patricia Christiansen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  This case arises from petitioner's request
for relief from joint and several liability under section 6015
for 1992.[1]  The issues for decision are:  (1) Whether petitioner

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.  Amounts are rounded to
the nearest dollar.

is entitled to relief under section 6015(b) or (c); and (2) whether respondent abused his discretion in denying petitioner's request for equitable relief under section 6015(f).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition in this case was filed, petitioner was a resident of Colorado Springs, Colorado.

Petitioner was married to Charles V. Moore (Mr. Moore) when they jointly filed a Federal income tax return for 1992 (1992 joint return). Petitioner's income for 1992 was $14,553, and her withholding was $1,282. Mr. Moore's income in 1992 was $39,064, and his withholding was $334. The tax liability shown on the 1992 joint return was $7,267, and the net tax due after subtracting credits and withholdings was $5,172. The $5,172 net tax due was not paid when the 1992 joint return was filed.

Petitioner and Mr. Moore divorced in 1994.

Respondent applied petitioner's overpayments from her tax returns for 1993-2000, totaling $10,494, as offsets against unpaid tax liabilities for 1987 and 1990-92. As relevant here, on March 24, 1997, respondent began applying overpayments from petitioner's tax accounts to the balance owed on the joint liability for 1992. On April 5, 1999, respondent also applied

petitioner's tax overpayment for the taxable year 1998, in the amount of $469, to the outstanding 1992 tax liability. Respondent notified petitioner each time her overpayments were applied as payments toward her joint liability. The notices provided to petitioner in connection with respondent's application of her overpayments to her 1992 joint income tax liability are not included in respondent's administrative file for this case.

At the time petitioner's 1998 overpayment was applied to her 1992 joint liability, it was standard practice to send IRS letter 285C, titled Refund/Overpayment Applied to Account, to notify a taxpayer that his or her overpayment had been applied as an offset to a prior liability. None of the paragraphs in this letter advise a taxpayer of his or her right to relief under I.R.C. § 6015(f).

Petitioner was informed of her right to file a claim for relief from joint and several liability for 1992 by respondent's employee, Mr. Fish, in a telephone conversation on April 13, 2001. On July 3, 2001, respondent received Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), from petitioner. A portion of petitioner's and Mr. Moore's joint liability for 1992 remained unpaid at that time.

On March 6, 2002, respondent sent petitioner a letter (preliminary determination letter) in which respondent preliminarily determined that petitioner was not entitled to relief under section 6015(b), (c), or (f).  In the preliminary determination letter, respondent stated in part:

> We received your request more than two years after the date we began collection activity.  IRC Sections 6015(b)(1)(E), 6015(c)(3)(B) and 6015(f) require innocent spouse claims to be filed no later than two years after the start of collection activity after July 22, 1998.  The date of the collection activity on your account, after the enactment of IRC Section 6015 was April 05, 1999.

On September 17, 2002, respondent issued a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 (notice of determination), denying petitioner relief from joint and several liability under section 6015(b), (c), and (f) for 1992.  In the notice of determination, respondent stated:

> We did not find you eligible for relief under Section 6015(b).  Section 6015(b) allows us to provide relief for an understatement of tax due to an erroneous item reported by the other spouse.

> We did not find you eligible for relief under Section 6015(c).  Section 6015(c) allows us to separate the tax liability that we can link to each spouse and divide the liability according to each spouse's responsibility.

> We did not find you eligible for relief under Section 6015(f).  Section 6015(f) may allow us to provide equitable relief when you don't qualify for relief under either Section 6015(b) or 6015(c).  You may receive equitable relief when holding you responsible for the tax liability would be unfair or inequitable, given your particular circumstances.  * * *

On November 18, 2002, and January 13, 2003, petitioner filed a timely petition and an amended petition, respectively, with the Court. Petitioner contends that she is entitled to relief from joint and several liability under section 6015(b) and (c), and that respondent abused his discretion in denying her equitable relief under section 6015(f) for 1992. Accordingly, petitioner contends that she is entitled to a refund of the overpayments of her income tax liabilities that respondent withheld and used to partially offset the liability associated with the 1992 joint return.

## OPINION

Generally, married taxpayers may elect to file jointly a Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse (requesting spouse) may, however, seek relief from joint and several liability under section 6015(b), or, if eligible, may allocate liability according to provisions under section 6015(c). Sec. 6015(a). If relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f).

A requirement to granting relief under section 6015(b) or (c) is the existence of a tax deficiency. Sec. 6015(b)(1)(B) and

(c)(1)[2]; <u>Block v. Commissioner</u>, 120 T.C. 62, 66 (2003).

Consequently, if there is no deficiency for the year for which

relief is sought, relief from joint and several liability is not

available under either subsection.  See <u>Washington v.

Commissioner</u>, 120 T.C. 137, 146-47 (2003); see also <u>Hopkins v.

Commissioner</u>, 121 T.C. 73, 88 (2003); <u>Block v. Commissioner</u>,

<u>supra</u>; <u>Ewing v. Commissioner</u>, 118 T.C. 494, 497-498 n.4 (2002).

---

[2]  Sec. 6015(b) and (c) provides in part:

SEC. 6015(b). Procedures for Relief from Liability Applicable to All Joint Filers.--

(1) In General.--Under procedures prescribed by the Secretary, if–

\*    \*    \*    \*    \*    \*    \*

(B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;

\*    \*    \*    \*    \*    \*

(c). Procedures to Limit Liability for Taxpayers No Longer Married or Taxpayers Legally Separated or Not Living Together.--

(1) In General.--Except as provided in this subsection, if an individual who has made a joint return for any taxable year elects the application of this subsection, the individual's liability for any deficiency which is assessed with respect to the return shall not exceed the portion of such deficiency properly allocable to the individual under subsection (d).

No deficiency exists in the present case.  Rather, there is an underpayment of tax.  When petitioner and Mr. Moore filed their 1992 joint return, they did not remit any payment.  Therefore, we hold petitioner is not entitled to relief under section 6015(b) or (c).

We have jurisdiction to review the Commissioner's denial of a requesting spouse's request for equitable relief under section 6015(f).  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Butler v. Commissioner, 114 T.C. 276, 292 (2000).  We review such denial of relief to decide whether respondent abused his discretion by acting arbitrarily, capriciously, or without sound basis in fact.  Jonson v. Commissioner, supra; Butler v. Commissioner, supra.

Section 6015(f) authorizes the Commissioner to grant equitable relief if:

>       (1)  taking into account all the facts and
> circumstances, it is inequitable to hold the individual
> liable for any unpaid tax or any deficiency (or any portion
> of either); and
>
>       (2)  relief is not available to such individual under
> subsection (b) or (c) * * *

On the basis of the record before us we find that the denial was based solely on the ground given in the preliminary determination letter; i.e., petitioner's request for relief was not made within 2 years of respondent's first collection activity taken after July 22, 1998.  There is no evidence that respondent

ever analyzed the facts and circumstances in denying petitioner's request for section 6015(f) relief. Unlike the preliminary determination letter, the notice of determination gave no reason for denying petitioner relief under section 6015.

Under the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), sec. 3501(b), Pub. L. 105-206, 112 Stat. 770, the Commissioner must include a description of the taxpayers' rights under section 6015 in collection-related notices. Withholding petitioner's refund and using it to partially offset her unpaid joint liability from 1992 was a "collection action". McGee v. Commissioner, 123 T.C. 314, 319 (2004); Campbell v. Commissioner, 121 T.C. 290, 292 (2003).

In a similar case, McGee, the collection-related notice of an offset did not inform the requesting spouse of her right to apply for relief under section 6015. We held it was an abuse of discretion for the Commissioner to deny the requesting spouse's request for relief under section 6015(f) by applying the 2-year limitation period in Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 499. McGee v. Commissioner, supra at 319-320.

Respondent notified petitioner that her refunds were being applied as offsets for her 1992 joint liability. There is no evidence that respondent informed petitioner of her potential right to relief under section 6015 until she was informed of her right to file a request for relief by Mr. Fish on April 13, 2001.

Respondent failed to inform petitioner of her right to apply for relief under section 6015 as required by RRA 1998 sec. 3501(b), 112 Stat. 770.  Therefore, we hold that respondent abused his discretion when he denied petitioner's request for relief under section 6015(f) by applying the 2-year limitation period of Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 449.  <u>McGee v. Commissioner</u>, <u>supra</u>.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.