T.C. Memo. 2005-80


UNITED STATES TAX COURT


PAUL MCGOWAN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13587-01.                    Filed April 11, 2005.


Daniel L. Britt, Jr., for petitioner.

Travis T. Vance III, for respondent.


MEMORANDUM OPINION


FOLEY, Judge:  This matter is before the Court on

petitioner's motion for recovery of reasonable administrative and

litigation costs pursuant to section 7430 and Rule 231.[1]  This

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at relevant times, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

Court ruled in favor of petitioner in <u>McGowan v. Commissioner</u>, T.C. Memo. 2004-146, and we incorporate herein the facts set forth in that opinion.

## Background

In 1998, petitioner was convicted, pursuant to section 7206(1), of filing false tax returns and, pursuant to section 7206(2), of aiding or assisting the filing of false tax returns relating to 1991, 1992, and 1993. The convictions were subsequently affirmed on appeal and became final.

On October 15, 1999, respondent issued a 30-day letter to petitioner proposing income tax deficiencies and fraud penalties relating to 1991, 1992, and 1993. Respondent's 30-day letter also advised petitioner of his opportunity for review by the Office of Appeals. Respondent received a letter from petitioner, by mail postmarked November 26, 1999, requesting an additional 30 days to respond. Respondent granted the extension, but petitioner did not respond within the extended period and did not file a protest to the 30-day letter. By notice of deficiency dated September 6, 2001, respondent determined deficiencies of $103,299, $36,968, and $67,180 and fraud penalties, pursuant to section 6663, of $77,474, $27,726, and $50,385 relating to 1991, 1992, and 1993, respectively. On December 4, 2001, petitioner filed his petition with this Court.

In January of 2002, respondent called petitioner and

requested an extension to file respondent's answer and offered petitioner an opportunity to meet with the Office of Appeals. After respondent filed his answer on January 29, 2002, petitioner, for the first time, requested administrative review. At the request of the Office of Appeals, the appellate conference was delayed for several months. On May 20, 2002, petitioner notified respondent and requested that the conference be delayed. On June 6, 2002, petitioner informed respondent that petitioner wanted to reschedule the conference for July 2, 2002. Prior to June 30, 2002, petitioner was notified several times about rescheduling the conference, but it was canceled indefinitely because the case was reassigned. Also, during June 2003, petitioner proposed an offer titled "Settlement Issues and Offer of Settlement", but it was rejected by respondent. On September 8, 2003, the trial was held in Atlanta, Georgia.

On June 21, 2004, in McGowan v. Commissioner, supra, we held that respondent failed to establish that petitioner intended to evade tax.

On July 26, 2004, petitioner filed petitioner's motion for recovery of reasonable administrative and litigation costs. On August 30, 2004, respondent filed an objection to petitioner's motion for recovery of reasonable administrative and litigation costs.

## Discussion

A party may recover administrative or litigation costs in a Tax Court proceeding when such party has substantially prevailed or is treated as the prevailing party. Sec. 7430(a); Rule 231. Petitioner, however, will not be treated as the prevailing party if respondent establishes that respondent's position was substantially justified (i.e., had a reasonable basis in law and fact). Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988). Respondent's position on the date he issued the notice of deficiency and after filing his answer with this Court is relevant in determining whether respondent was substantially justified. Grant v. Commissioner, 103 F.3d 948, 952 (11th Cir. 1996), affg. T.C. Memo. 1995-374. In cases where respondent is substantially justified, the taxpayer may still be treated as the prevailing party if he makes, pursuant to section 7430(g), a qualified offer. Sec. 7430(c)(4)(E); Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003). Except as provided in section 7430(c)(4)(B), petitioner bears the burden of proving that he meets the requirements of section 7430. Rule 232(e). The fact that respondent loses an issue is not determinative of the reasonableness of respondent's position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986).

Petitioner contends that he exhausted all administrative

remedies, that he made a qualified offer, and that respondent's position was not substantially justified. Respondent contends that his position was substantially justified, that petitioner failed to exhaust all administrative remedies, and that petitioner did not make a qualified offer, pursuant to section 7430(g). We agree with respondent.

On the date respondent issued the notice of deficiency and after filing his answer, respondent based his position on the following: (1) Petitioner was convicted, pursuant to section 7206(1) and (2), of filing, aiding or assisting the filing of false tax returns; (2) petitioner substantially underreported his income for the years in issue; (3) petitioner commingled business funds with personal funds; and (4) petitioner kept inadequate books and records. See Webb v. Commissioner, 394 F.2d 366, 378 (5th Cir. 1968)(stating indicia of fraud includes the failure to report income over an extended period of time), affg. T.C. Memo. 1966-81; Wright v. Commissioner, 84 T.C. 636, 643-644 (1985)(stating taxpayer's conviction, pursuant to section 7206(1), is a factor to be considered in determining fraud). Although respondent had a reasonable basis for his position, he simply did not establish that petitioner had the requisite intent to evade tax. Thus, notwithstanding the shortcomings of respondent's case at trial, respondent's position was substantially justified.

Even though respondent's position was substantially justified, petitioner may still be treated as the prevailing party if he makes a qualified offer. Sec. 7430(c)(4)(E). To qualify, the written offer must "[designate] * * * it is * * * a qualified offer for purposes of * * * section [7430(g)]". Sec. 7430(g)(1)(C). The regulations further establish that "An offer is not a qualified offer unless it is designated in writing at the time it is made that it is a qualified offer for purposes of section 7430(g)." Sec. 301.7430-7T(c)(4), Temporary Income Tax Regs., 68 Fed. Reg. 74852 (Dec. 29, 2003). In addition, the offer must specify the offered amount of the taxpayer's liability; be made during the qualified offer period (i.e., beginning on the date of the first proposed deficiency that notifies taxpayers of their right to an Appeals conference and ending on the date 30 days before the date the case is first set for trial); and remain open from the date it is made until the earliest of the date trial begins, 90 days after the offer is made, or when it is rejected. Sec. 7430(g); Johnston v. Commissioner, 122 T.C. 124, 128 (2004).

During the qualified offer period, petitioner made an offer to respondent titled "Settlement Issues and Offer of Settlement", but it was rejected by respondent. Petitioner's offer, however, failed to make any designation that sufficiently satisfies the requirement that the offer was a qualified offer for purposes of

section 7430(g).  Thus, petitioner's offer is not a qualified offer, because it fails to meet the requirements of section 7430(g)(1)(C).  Accordingly, petitioner is not entitled to administrative or litigation costs.

Assuming arguendo that petitioner's offer was a qualified offer, petitioner, the prevailing party, would still not be entitled to recover any administrative and litigation costs. With respect to administrative costs, taxpayers who make qualified offers, pursuant to section 7430(g), may recover only reasonable administrative costs that are "incurred on and after the date of such offer."  Sec. 7430(c)(4)(E)(iii)(II).  In addition, all costs incurred after the filing of a petition are considered litigation costs.  Sec. 301.7430-4(c)(3)(ii) and (4), Example (2), Proced. & Admin. Regs.  Petitioner filed his petition in December of 2001 and made his offer to respondent in June of 2003.  Thus, even if petitioner had made a qualified offer, he would not be awarded any reasonable administrative costs, because it was made after he filed his petition with the Court.

In addition, petitioner would not be entitled to litigation costs, because he failed to exhaust all administrative remedies. Sec. 7430(b)(1).  Taxpayers cannot exhaust all administrative remedies

> unless-- (i) The party, prior to filing a petition in
> the  Tax Court * * * participates * * * in an Appeals

> office conference; or (ii) If no Appeals office conference is granted, the party, prior to the issuance of a [notice of deficiency,] * * * Requests an Appeals office conference * * * and Files a written protest if a written protest is required to obtain an Appeals office conference.

Sec. 301.7430-1(b)(1) and (g), Example (11), Proced. & Admin. Regs.  Respondent issued a 30-day letter, which notified petitioner of his right to have a conference with the Office of Appeals.  Petitioner, however, failed to contest the 30-day letter, respond within 30 days or the 30-day extension, and did not participate in an appellate conference prior to the filing of his petition.  Petitioner did request an appellate conference, but he requested it after respondent issued the notice of deficiency.  Furthermore, petitioner does not satisfy, pursuant to section 301.7430-1(f), Proced. & Admin. Regs., any exceptions to the requirement that taxpayers must pursue administrative remedies (e.g., respondent notifies taxpayer that pursuit of administrative remedies is unnecessary).  Thus, petitioner failed to exhaust all administrative remedies.  Accordingly, even if petitioner had made a qualified offer, he would not be entitled to an award of administrative or litigation costs.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order will be issued denying petitioner's motion, and decision will be entered for petitioner.