T.C. Summary Opinion 2005-131

UNITED STATES TAX COURT

ESTHER RUTH FERRIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2257-04S.               Filed August 31, 2005.

Esther Ruth Ferris, pro se.

John W. Strate, for respondent.

COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.  Petitioner seeks a review under section

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

6015 (relief from joint liability) with respect to her 1997 Federal income tax. More specifically, the issue is whether petitioner's claim for section 6015 relief is barred based on respondent's determination that petitioner's claim for relief was filed more than 2 years after the first collection activity was undertaken toward collection of petitioner's 1997 unpaid tax.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made a part hereof. Petitioner's legal residence at the time the petition was filed was Modesto, California.

For the year 1997, petitioner filed a joint Federal income tax return with her spouse, George A. Ferris. She and Mr. Ferris were divorced in March 2003. On the 1997 income tax return, petitioner and Mr. Ferris reported gross income of $46,223, consisting of wage and salary income of $7,770 and other income from two trade or business activities she and Mr. Ferris independently conducted. The return showed a tax of $9,074 and Federal income tax withholdings of $43. The return also included a computation of $333 as an estimated tax penalty. Except for the $43 in tax withholding, no other payments were made with the return. No adjustments were made to the return, the tax was assessed, and no notice of deficiency was issued with respect to the return.

Petitioner overpaid her 1999 taxes in the amount of $2,141. That overpayment was applied to the unpaid 1997 tax liability. For the year 2000, petitioner also overpaid her tax, and the $2,016 overpayment for that year was applied to the 1997 tax liability. Additional payments were thereafter made; however, the dates and amounts of such payments are not material to the issue in this case.

On October 10, 2003, petitioner filed Form 8857, Request for Innocent Spouse Relief. That form was received by the innocent spouse division of the IRS on October 17, 2003. On November 13, 2003, respondent mailed to petitioner a final notice denying her request for relief from joint liability under section 6015. Petitioner then filed her petition for relief in this Court.[2]

Respondent's position is that petitioner's request for relief from joint liability under section 6015 was not filed timely because the Form 8857 she filed was filed more than 2 years from the date of the first collection activity that occurred in the collection of her 1997 tax, which bars petitioner from relief. Sec. 1.6015-5(b)(1), Income Tax Regs.[3] The

[2]Pursuant to Rule 325, Mr. Ferris was served with notice of the filing of the petition in this case and his right to intervene. Mr. Ferris has not filed a notice of intervention, nor did he appear at trial.

[3]Sec. 1.6015-5(b)(1), Income Tax Regs., is applicable for all elections under sec. 6015 filed on or after July 18, 2002. Sec. 1.6015-9, Income Tax Regs.

collection activity respondent relies on is the offset by respondent of petitioner's overpayment of tax for the year 1999 in the amount of $2,141, which was applied to petitioner's 1997 taxes, the year for which petitioner is claiming relief under section 6015. The offset by respondent of a tax overpayment of another year toward payment of a tax liability for a year to which section 6015 relief is sought has been held to be a collection activity for purposes of section 6015. Campbell v. Commissioner, 121 T.C. 290, 292 (2003); Hall v. Commissioner, T.C. Memo. 2004-170. In this case, on March 22, 2001, respondent applied or offset $2,141 of an overpayment of petitioner's 1999 tax toward payment of her unpaid 1997 tax. Petitioner's Form 8857 for relief from joint liability was filed on October 17, 2003, which is more than 2 years from the date of the offset. That offset, as noted above, constituted a collection activity. There is nothing in the record showing that petitioner was ever advised or notified by respondent of the offset. It is fair to conclude that no notice of the offset was issued to petitioner because respondent argues in a trial memorandum that notice of the offset was not necessary under Rev. Proc. 2000-15, 2000-1 C.B. 447. This Court held to the contrary in McGee v. Commissioner, 123 T.C. 314, 317 (2004):

> We have not previously been faced with the Commissioner's reliance on the 2-year limitation period when the Commissioner took an inconsistent position in failing to

provide the collection-related notice required by RRA 1998 sec. 3501(a). In this case, respondent's treatment of the offset as a collection action, coupled with his failure to send petitioner notice of her section 6015 rights as required by RRA 1998 sec. 3501, resulted in petitioner's failure to seek section 6015(f) relief within 2 years after the first collection action because she did not know of her rights. The problem here is not with the language of the revenue procedure per se, but that the revenue procedure has been interpreted in this case in a fashion inconsistent with respondent's application of the public law, and that interpretation causes a result that is inconsistent with the statutory scheme.

It would be inequitable if respondent could prevent review of a request for relief under section 6015(f) by failing to inform petitioner of her right to relief in defiance of a congressional mandate. Such a result would be contrary to the very purpose of section 6015(f), which is to relieve inequitable situations involving joint liabilities. Respondent's administrative interpretations are given little weight when inconsistent with a statutory scheme. United States v. Vogel Fertilizer Co., 455 U.S. 16, 26 (1982); FEC v. Democratic Senatorial Campaign Comm., 454 U.S. 27, 30 (1981). Rev. Proc. 2000-15, sec. 5, should not be applied in a manner which frustrates the legislative intent of section 6015 and the related public law.

It follows, therefore, that there was an abuse of discretion by respondent in denying petitioner's request for relief under section 6015 on the ground that the 2-year limitation period applied. Since there was no analysis or evaluation by respondent of petitioner's claim for section 6015 relief, there was an abuse of discretion by respondent. Petitioner, therefore, is entitled to consideration of her claim for such relief. The procedure for that process was recently addressed by this Court in Friday v. Commissioner, 124 T.C. 220 (2005), as follows:

In certain specific cases where statutory provisions reserve jurisdiction to the Commissioner, a case can also be remanded to the Commissioner's Appeals Office. Under sections 6320(c) and 6330(d)(1), this Court may consider certain collection actions taken or proposed by the Commissioner's Appeals Office. Under paragraph (2) of section 6330(d), the Commissioner's Appeals Office retains jurisdiction with respect to the determination made under section 6330. As part of the process, a case may be remanded to the Appeals Office for further consideration. See, e.g., Parker v. Commissioner T.C. Memo. 2004-226.

The situation is different, however, in a section 6015 proceeding, which is sometimes referred to as a "stand alone" case. Although entitled "Petition for Review by Tax Court", section 6015(e) gives jurisdiction to the Court "to determine the appropriate relief available to the individual under this section". The right to petition is "In addition to any other remedy provided by law" and is conditioned upon meeting the time constraints prescribed in section 6015(e)(1)(A)(i) and (ii). Even if the Commissioner fails to do anything for 6 months following the filing of an election for relief (where there is nothing to "review"), the individual may bring an action in this Court. See sec. 6015(b), (e)(1)(A)(i)(II). A petition for a decision as to whether relief is appropriate under section 6015 is generally not a "review" of the Commissioner's determination in a hearing but is instead an action begun in this Court. There is in section 6015 no analog to section 6330 granting the Court jurisdiction after a hearing at the Commissioner's Appeals Office. [Fn. refs. omitted.]

Pursuant to Friday v. Commissioner, supra at 221-222, this case will be returned to the Court's general docket for trial in due course. If, however, the parties desire to consider the case at the administrative level, the Court will consider any motion to that effect.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order will be issued.</u>