T.C. Summary Opinion 2007-40

UNITED STATES TAX COURT

ANNETTE D. GOODE-PARKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4740-03S.                    Filed March 13, 2007.

Annette D. Goode-Parker, pro se.

<u>Hans F. Famularo</u>, for respondent.

HOLMES, <u>Judge</u>:  When Marvin Parker prepared a 1996 joint tax return for himself and his wife, he didn't notice that he had failed to add the tax on their taxable income to the self-employment tax on his earnings.  This led him to report less than $10,000 in total tax rather than the correct amount of more than $28,000.  His wife, Annette Goode-Parker, didn't notice either, and they were surprised when the IRS caught the mistake and

assessed the correct amount. The couple later separated, and Ms. Goode-Parker has petitioned for innocent spouse relief. Whether we have jurisdiction turns on whether the Commissioner's correction of the couple's mistake was the assertion of a deficiency.[1]

### Background

The marriage of Annette Goode-Parker and Marvin Parker began in 1984. Both were recent graduates of Howard University's School of Law, and they started their life together by moving to southern California. In 1989, after working at a law firm and then the Equal Employment Opportunity Commission, Ms. Goode-Parker began her current career as a legal analyst in the California Department of Justice, specializing in consumer and antitrust law. Although she did not testify at length about her husband's employment, she did say that in 1992 or 1993 he left his "regular job" to open a solo practice.

Her husband's new practice was not immediately successful, and the resulting financial stress began fracturing their marriage. They soon found themselves battling the foreclosure of their home. They lost that fight and in 1995 moved into a condominium.

---

[1] Ms. Goode-Parker chose to have her case tried as a small tax case under section 7463 of the Internal Revenue Code. (Section citations are all to that Code.) That means that our decision is not reviewable by any other court, nor may it be treated as precedent in any other case.

The couple's financial problems worsened after Mr. Parker made a mistake while preparing their 1996 return--a mistake that has understandably caused Ms. Goode-Parker much pain and anxiety. What happened was this: Her husband correctly completed all of the schedules and filled in the Form 1040 perfectly through line 38, the end of the "Tax Computation" section, where he properly reported $18,650 as tax. His mistake occurred when he skipped the "Credits" section, lines 39-44. The Parkers did not have any credits in 1996, but line 44 instructs the preparer to subtract any credits from the tax reported on line 38. Mr. Parker should have subtracted zero from $18,650--the amount of tax he had entered on line 38--and written $18,650 on line 44. Instead, he left it blank. He then correctly completed lines 45 through 50, the "Other Taxes" section, by reporting $9,796 in self-employment taxes from his law practice on line 45. The end of the "Other Taxes" section, line 51, instructs the preparer to compute his "total tax" by adding lines 44 through 50. The Parkers' return had only one number on lines 44 through 50--$9,796--which they reported as their total tax. This was wrong--the total tax should have been $9,796 + $18,650, or $28,446.

When the Parkers' return got to the IRS Service Center, it was put through a quick review by what one witness called the

"purple pencil people."[2]  It was one of these people who caught and corrected the Parkers' mistake.  The Commissioner then assessed the correct amount of tax--$28,446--in the IRS's records.  Because there was a balance due, the Commissioner began trying to collect, unencumbered by the Code's current due process requirements.[3]  First, he filed a Federal tax lien on the Parkers' condominium in March 1998.  Then, in November 1998, he levied on Ms. Goode-Parker's bank account.  We specifically find that she is credible in saying that this was the first she knew of her and her husband's tax trouble.  She promptly contacted the IRS, and for the next three years made monthly payments of $50.

In September 2000, the strains on the Parkers' marriage became very great:  They still resided in the same condo, but began living separate lives and keeping to different rooms.  In February 2002, Ms. Goode-Parker filed a Form 8857, requesting innocent spouse relief from the Parkers' joint 1996 tax liability.  In November 2002, before the Commissioner made his determination, the Parkers separated in the traditional sense.

---

[2] An IRS supervisor, though not himself a purple pencil person, credibly testified that as part of his duties he proofreads returns processed by the purple pencil people, and that the purpose of purple pencil people is to point out patent problems on returns with a purple pencil.

[3] The collection due process requirements in sections 6320 and 6330 became effective for collection actions begun on or after January 19, 1999.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(d), 112 Stat. 750.

This was not by choice--they had again fallen behind on their mortgage payments, so the mortgagee bank foreclosed on and sold their condo. The bank's senior lien was satisfied, and, because there were proceeds left over, so was the Federal tax lien (which was junior to the mortgage).[4] IRS records confirm that the Parkers' 1996 tax liability was paid in full by November 25, 2002.

While this was going on, the Commissioner was still reviewing Ms. Goode-Parker's innocent spouse claim, but in December 2002 he finally denied her relief because she had filed her request more than two years after the first collection activity had begun, back in 1998. She responded by filing a petition with this Court challenging the Commissioner's determination. The Commissioner moved for summary judgment, but we denied his motion in light of McGee v. Commissioner, 123 T.C. 314 (2004).[5]

---

[4] Ms. Goode-Parker argues that under section 6015(e)(1)(B)(i) the Commissioner was prohibited from collecting while her innocent spouse case was pending. Section 6015(e)(1)(B)(i), however, restricts only the Commissioner's power to collect unpaid taxes by "levy or proceeding in court"-- he may still file a lien. Beery v. Commissioner, 122 T.C. 184, 189-190 (2004); see sec. 1.6015-7(c)(4)(i) and (ii), Income Tax Regs.

[5] We held in McGee that the Commissioner must tell people subject to joint liability for unpaid taxes of their right to relief under section 6015 whenever he sends them a collection-related notice. McGee v. Commissioner, 123 T.C. 314, 319 (2004). The Commissioner conceded that the notices he sent to the Parkers in collecting their 1996 tax debt didn't include such a notice.

The Commissioner then revisited Ms. Goode-Parker's case to decide it on the merits, but again rejected it. He denied relief under section 6015(b) and (c) because he found that she had reason to know of the items causing the understatement of tax. And he also denied relief under section 6015(f) because he found that she did not reasonably believe, when she signed the return, that the tax would be paid in a reasonable amount of time; because she did not establish that paying the tax would cause her economic hardship; and because a portion of the unpaid tax was attributable to her.

Ms. Goode-Parker seeks review of this revised determination. Trial was held in Los Angeles, and she resided in California when she filed her petition.

### Discussion

This is one of a large number of cases affected first by the Ninth Circuit's opinion in Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002), vacating 122 T.C. 32 (2004), and then by this Court's opinion in Billings v. Commissioner, 127 T.C. 7 (2006). These cases both held that the Tax Court's jurisdiction to review the Commissioner's innocent spouse determinations requires that a deficiency have been asserted against the taxpayer seeking relief. To understand what this means requires a little background: Section 6013(a) lets married couples choose to file their Federal tax return jointly,

but if they do, both spouses are then responsible for the return's accuracy and both are generally liable for the entire tax due under section 6013(d)(3). Butler v. Commissioner, 114 T.C. 276, 282 (2000). In some cases, however, section 6015 can relieve one spouse from this joint liability. This relief comes in three varieties: Relief under section 6015(b) requires an "understatement;" relief under section 6015(c) requires a "deficiency;"[6] but relief under section 6015(f) requires only that the requesting spouse be "liable for any unpaid tax or any deficiency." Therefore, if the liability is neither an "understatement" nor a "deficiency," only relief under subsection (f) is possible. See Hopkins v. Commissioner, 121 T.C. 73, 87-88 (2003).

Section 6015(e) gave us jurisdiction to review the Commissioner's innocent spouse determinations under all three

_____

[6] The use of "understatement" and "deficiency" in different subsections of section 6015 seems to reflect their different origins. Subsection (b) is a modification of the old innocent spouse section, section 6013(e), that Congress repealed when it enacted section 6015. The requirement that there be an "under-statement" is common to both the old and new sections. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(a), 112 Stat. 734; Butler v. Commissioner, 114 T.C. 276, 283 (2000); H. Conf. Rept. 105-599, at 249 (1998), 1998-3 C.B. 747, 1003. Subsections (c) and (f) were major expansions of innocent spouse relief, and in those subsections Congress used "deficiency" instead of "understatement." Cheshire v. Commissioner, 115 T.C. 183, 189 (2000), affd. 282 F.3d 326 (5th Cir. 2002); H. Conf. Rept. 105-599, supra at 249, 1998-3 C.B. at 1003.

subsections in "the case of an individual against whom a deficiency has been asserted." But see Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(a), 120 Stat. 3061 (effective Dec. 20, 2006) (granting jurisdiction to review innocent spouse determinations under section 6015(f) regardless of whether there is a deficiency asserted). And this is where the parties' views in this case conflict most sharply. The Commissioner argues that the Parkers' error did not create either an "understatement" or a "deficiency," and so there can be no relief for Ms. Goode-Parker under either subsection (b) or (c), and no jurisdiction in this Court. Ms. Goode-Parker disagrees-- in her view, what she and her husband committed was a simple math error, and math errors can give rise to deficiencies.[7]

We begin our analysis by noting that neither section 6015(c)--the section that requires there be a "deficiency"--nor section 6015(e)--the section giving us jurisdiction to review the Commissioner's innocent spouse determinations--defines "deficiency." But section 6211(a) does, as the "amount by which

---

[7] When the Commissioner finds a "mathematical or clerical error" on a return, he is entitled to assess what he thinks is the right amount, but has to send a notice to the taxpayer involved. See sec. 6213(b)(1). A taxpayer who disagrees with the Commissioner may demand an immediate abatement of the assessment; the Commissioner can then continue the fight by issuing a notice of deficiency. Sec. 6213(b)(2)(A). Here, because he does not classify errors of the kind that Mr. Parker made as "mathematical or clerical," the Commissioner assessed the $28,446 as the tax shown on the return. See sec. 6201(a).

the tax imposed * * * exceeds * * * the amount shown as the tax by the taxpayer upon his return." Section 6015(b)--the section requiring there to be an "understatement"--incorporates section 6662(d)(2)(A)'s definition of "understatement" as "the excess of--(i) the amount of tax required to be shown on the return for the taxable year, over (ii) the amount of the tax imposed which is shown on the return." Sec. 6662(d)(2)(A).

Whether there is an "understatement" or "deficiency" thus turns on what tax is "shown" on a return with an error like the one on the Parkers' 1996 Form 1040. Is the "tax shown" the amount that the Parkers entered on line 51 as their "total tax," or is it the amount entered in the IRS's records after the "purple pencil people" noticed that the Parkers' income tax and self-employment tax, though both shown on the return, had not been added? The Commissioner argues that the tax "shown on the return" was all the tax shown on any line of the return even if not totaled up at the end. If he's right, there is no deficiency (and no understatement either) because the tax imposed and the tax shown on the return are equal, which makes the difference between the two zero. Ms. Goode-Parker disagrees. She contends that her husband's mistake created both an understatement and a deficiency because his mistake was a "mathematical error."

We look to section 6213(g), which lists a number of

different errors that are "mathematical or clerical." The type of error that seems most like the one here is "an error in addition, subtraction, multiplication or division shown on any return." Sec. 6213(g)(2)(A). But we cannot agree with Ms. Goode-Parker that the mistake on her 1996 return was such an error, because a mistaken failure to add is not the same as "an error in addition." As we recently explained in Huffman v. Commissioner, 126 T.C. 322, 344-345 (2006), there is a distinction between a "mathematical error" and omitting a step that requires math. A "mathematical error" occurs when someone multiplies when he should have divided or when his computation produces an erroneous result. Id. In this case, Mr. Parker didn't botch the addition, he just skipped a step that required addition, and under Huffman that is not the same thing. See id. This admittedly very subtle point means that Ms. Goode-Parker's liability is neither an understatement nor a deficiency, because her return showed all the tax imposed.[8]

That leaves Ms. Goode-Parker able to seek relief only under section 6015(f). But we held in Billings that we do not have jurisdiction over nondeficiency section 6015(f) cases. We

---

[8] The parties did not argue whether Mr. Parker's mistake might be a clerical error under section 6213(g)(2)(C), because it was "an entry on a return of an item which is inconsistent with another entry of the same or another item on such return." Whether tax computations are "items" is unclear, and we leave any definitive holding to another day.

reasoned that when Congress added the phrase "against whom a deficiency has been asserted" to section 6015(e), it removed our jurisdiction.  <u>Billings</u>, 127 T.C. at 16-17.  The recent amendment to section 6015(e) restores our jurisdiction over cases like Ms. Goode-Parker's by inserting the phrase "or in the case of an individual who requests equitable relief under subsection (f)" in section 6015(e).  Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(a), 120 Stat. 3061.  But this amendment doesn't help her, because it is effective only for liabilities remaining unpaid after its date of enactment, which was December 20, 2006.  <u>Id.</u> sec. 408(c), 120 Stat. 3062.  Her tax liability was paid in full by November 2002, and so

<u>An order will be entered dismissing the case for lack of jurisdiction</u>.