132 T.C. No. 10

UNITED STATES TAX COURT

DENISE MANNELLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17531-07.              Filed April 13, 2009.

R mailed P a notice of intent to levy and notice
of the right to a hearing pursuant to sec. 6330, I.R.C.
(notice of intent to levy), on June 4, 2004.  On Nov.
1, 2006, P requested relief from joint and several
liability under sec. 6015, I.R.C.  R denied P's request
as untimely.  P then petitioned this Court for relief
under sec. 6015, I.R.C., and R moved for summary
judgment.

R argues that P is ineligible for relief under
sec. 6015(b), (c), and (f), I.R.C., because she did not
request relief within 2 years of R's mailing the notice
of intent to levy.  P argues that the 2-year
limitations period should not apply because she did not
receive the notice of intent to levy and she was not
informed of the right to request sec. 6015, I.R.C.,
relief.

<u>Held</u>:  Actual receipt of the notice of intent to
levy or of the notice of the right to request relief

from joint and several liability is not required for the 2-year period in which to request relief under sec. 6015(b) and (c), I.R.C., to begin. Therefore, P's requests for relief under sec. 6015(b) and (c), I.R.C., were not timely under sec. 6015(b)(1)(E) and (c)(3)(B), I.R.C.

Held, further: Sec. 1.6015-5(b)(1), Income Tax Regs., which R relied upon in denying P relief under sec. 6015(f), I.R.C., is an invalid interpretation of sec. 6015, I.R.C. Lantz v. Commissioner, 132 T.C. ___ (2009). Therefore, P is not barred from receiving relief under sec. 6015(f), I.R.C., on the ground that her request for relief was untimely.

Held, further: R's motion for summary judgment will be granted in part and denied in part.

Denise Mannella, pro se.

Russell F. Kurdys, for respondent.

## OPINION

HAINES, Judge: This case is before the Court on respondent's motion for summary judgment. Petitioner brought this action under section 6015 seeking relief from joint and several liability for unpaid taxes.[1]

## Background

Petitioner resided in Pennsylvania at the time her petition was filed.

---

[1]Section references are to the Internal Revenue Code, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner and her husband, Anthony J. Mannella, filed joint Federal income tax returns for the years 1996 through 2000 (years at issue). Because petitioner and Mr. Mannella failed to pay the taxes due for the years at issue,[2] respondent issued each of them a separate Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), on June 4, 2004. The notices were sent to petitioner and her husband at their correct address by certified mail.

Petitioner contends that she did not receive her notice of intent to levy because on June 17, 2004, Mr. Mannella received the notices, signed the certified mail receipts, and failed to deliver petitioner's notice to her or otherwise inform her of the notice. Petitioner represents that if the case goes to trial, Mr. Mannella will testify that he signed petitioner's name on the certified mail receipt and did not inform petitioner of the notice until more than 2 years after he received the notice. She contends that she then sought legal advice and decided to seek relief from the joint tax liabilities.

On November 1, 2006, petitioner filed two Forms 8857, Request for Innocent Spouse Relief, for the years at issue. On May 3, 2007, respondent issued petitioner a Notice of

---

[2]The outstanding liability for 1996 relates to an agreed deficiency. For 1997 through 2000 petitioner and her husband failed to make full payment of the taxes shown as due on their returns.

Determination Concerning Relief from Joint and Several Liability for the years at issue, which stated:

> We've determined, for the above tax year(s), that you do not qualify for Innocent Spouse relief. We received your request more than two years after the date we began collection activity. Internal Revenue Code Section 6015 requires an innocent spouse claim to be filed no later than 2 years after the start of collection activity. Collection activity began on 6/4/2004, you filed Form 8857 on 11/1/2006.

Petitioner filed a timely petition with this Court seeking relief from joint and several liability under section 6015. Respondent then moved for summary judgment. Petitioner filed her objection with the Court, and a hearing on respondent's motion was held in Pittsburgh, Pennsylvania.

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court will view any factual material and inferences in the light most favorable to the nonmoving

party.  <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 821; <u>Naftel v.</u>
<u>Commissioner</u>, <u>supra</u> at 529.

Section 6013(d)(3) provides that married individuals who file a joint return are jointly and severally liable for the tax arising from the return.  Notwithstanding section 6013(d)(3), a spouse may seek relief from joint and several liability under subsections (b), (c), and (f) of section 6015.  An election for relief under section 6015(b) or (c) must be made within 2 years of the Commissioner's first collection activity taken after July 22, 1998, against the taxpayer making the election.[3]  Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. 105-206, sec. 3201(g)(2), 112 Stat. 740; sec. 6015(b)(1)(E), (c)(3)(B).  The issuance of a notice of intent to levy under section 6330 is a collection activity.  Sec. 1.6015-5(b)(2), Income Tax Regs.

RRA section 3501, 112 Stat. 770, provides that the Commissioner include information regarding the procedures

---

[3]Sec. 6015(b) provides relief for a requesting spouse who files a joint return which contains an understatement of tax attributable to the erroneous items of the nonrequesting spouse if the requesting spouse did not know or have reason to know that there was an understatement and, taking into account all the facts and circumstances, it is inequitable to hold the requesting spouse liable for the deficiency.  Sec. 6015(c) provides that an individual who is divorced or legally separated from the person she filed a joint return with or has not resided with that individual as a member of the same household at any time within the 12-month period before an election is made, may elect to limit her liability for any deficiency to the amount properly allocable to her.

necessary to claim section 6015 relief whenever he sends a collection-related notice, such as a notice of intent to levy.[4] In McGee v. Commissioner, 123 T.C. 314, 319 (2004), we held that when the Commissioner fails to include such information with a collection-related notice that is the Commissioner's first collection activity, the 2-year limitations period may not be applied.[5]

There is no dispute that respondent sent petitioner a notice of intent to levy by certified mail on June 4, 2004, and that the notice was received on June 17, 2004. Furthermore, the notice included information about the right to request section 6015

_____

[4]The Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3501, 112 Stat. 770, provides as follows:

SEC. 3501. EXPLANATION OF JOINT AND SEVERAL LIABILITY.

(a) In General.--The Secretary of the Treasury or the Secretary's delegate shall, as soon as practicable, but not later than 180 days after the date of the enactment of this Act, establish procedures to clearly alert married taxpayers of their joint and several liabilities on all appropriate publications and instructions.

(b) Right To Limit Liability.--The procedures under subsection (a) shall include requirements that notice of an individual's right to relief under section 6015 of the Internal Revenue Code of 1986 shall be included in the statement required by section 6227 of the Omnibus Taxpayer Bill of Rights (Internal Revenue Service Publication No. 1) and in any collection-related notices.

[5]In McGee v. Commissioner, 123 T.C. 314 (2004), the taxpayer sought relief only under sec. 6015(f).

relief.[6]  However, petitioner contends that her husband signed for her notice and never gave it to her or informed her about it. Petitioner argues that the 2-year limitations period should not apply because she did not receive the notice of intent to levy and she was not informed of the right to request section 6015 relief.  Because this case is before the Court on respondent's motion for summary judgment, we assume that Mr. Mannella signed for petitioner's notice of intent to levy and that petitioner did not receive the notice.  See Dahlstrom v. Commissioner, supra at 821; Naftel v. Commissioner, supra at 529.

Sections 6330(a) and 6331(d) provide that before the Commissioner may levy on any property or property right of a taxpayer, the taxpayer must be provided a final notice of intent to levy and notice of the right to request a hearing and such notice must be provided no less than 30 days before the levy is made.  The notice of intent to levy must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address. Secs. 6330(a)(2), 6331(d)(2); secs. 301.6330-1(a),

_____

[6]The notice was accompanied by Publication 594, What You Should Know About The IRS Collection Process, and Form 12153, Request for a Collection Due Process Hearing.  Both documents informed petitioner of her right to request relief from joint and several liability under sec. 6015.  Publication 594 directed petitioner to Publication 971, Innocent Spouse Relief, for further information about relief from joint and several liability.  Form 12153 informed petitioner she could elect the benefits of sec. 6015 by filing Form 8857, Request for Innocent Spouse Relief.

301.6331-2(a)(1), Proced. & Admin. Regs.  If the notice is properly sent to the taxpayer's last known address or left at the taxpayer's dwelling or usual place of business, it is sufficient to start the 30-day period within which an Appeals hearing may be requested.  Sec. 301.6330-1(a)(3), A-A9, Proced. & Admin. Regs. Actual receipt of the notice of intent to levy is not required for the notice to be valid for purposes of starting the 30-day period.  Id.

We see no reason the notice of intent to levy, including information about her right to section 6015 relief, mailed to petitioner at her last known address but not received by her should start the 30-day period to request an Appeals hearing but not start the 2-year period to request relief under section 6015(b) or (c).  Nothing in section 6015 or the corresponding regulations requires that petitioner actually receive the notice of intent to levy for the 2-year period to begin.  We conclude that her actual receipt of the notice of intent to levy is not required for the 2-year period in which to request relief under section 6015(b) or (c) to begin.

With respect to the required notice of the right to request section 6015 relief, neither RRA section 3501 nor McGee v. Commissioner, supra, requires that the taxpayer actually receive notice of the right to request relief.  RRA section 3501 requires that the Commissioner implement procedures to notify taxpayers

subject to joint liability of their rights when he attempts to collect unpaid taxes.  In McGee the Commissioner did not comply with RRA section 3501, and for that reason the Court found the 2-year period did not begin with the Commissioner's first collection activity.

Respondent included information about the right to request section 6015 relief with the collection notice and therefore complied with RRA section 3501.  Once the required notice was mailed to petitioner's last known address, nothing in the Internal Revenue Code, regulations, or public law required that respondent take additional steps to effect delivery.  See Sebastian v. Commissioner, T.C. Memo. 2007-138; Howard v. Commissioner, T.C. Memo. 1993-315 (citing Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989)).

Collection against petitioner began with the issuance of a notice of intent to levy on June 4, 2004.  Petitioner submitted her requests for section 6015 relief on November 1, 2006, more than 2 years later.  Petitioner's requests for relief under section 6015(b) and (c) were not timely, and therefore she does not qualify for relief from joint and several liability under section 6015(b)(1)(E) and (c)(3)(B).

In contrast to section 6015(b) and (c), section 6015(f)[7] does not provide a 2-year limitations period. Respondent relies on section 1.6015-5(b)(1), Income Tax Regs., which purports to limit the period for requesting relief under section 6015(f) to 2 years from the first collection activity against the requesting spouse in the same manner as the restrictions of section 6015(b)(1)(E) and (c)(3)(B).

We have recently held that section 1.6015-5(b)(1), Income Tax Regs., is an invalid interpretation of section 6015. <u>Lantz v. Commissioner</u>, 132 T.C. ___, ___ (2009) (slip op. at 33). Accordingly, we refused to apply the 2-year limitations period to a taxpayer's request for relief under section 6015(f). <u>Id.</u>

Under <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we apply the law of the Court of Appeals to which an appeal would ordinarily lie. Because the U.S. Court of Appeals for the Seventh Circuit, to which an appeal in <u>Lantz</u> would ordinarily lie, analyzes agency regulations under the standards set forth in <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842-843 (1984), we reviewed the validity of section 1.6015-5(b)(1), Income Tax Regs., under <u>Chevron</u>. <u>Lantz v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 11).

---

[7]Sec. 6015(f) provides that a taxpayer may be relieved of joint and several liability if, taking into account all the facts and circumstances, it would be inequitable to hold the taxpayer liable for the unpaid tax or deficiency (or any portion of either) and relief is not available under subsec. (b) or (c).

In <u>Swallows Holding, Ltd. v. Commissioner</u>, 126 T.C. 96 (2006), vacated 515 F.3d 162 (3d Cir. 2008), we reviewed the validity of a regulation under the standards set forth in <u>Natl. Muffler Dealers Association v. United States</u>, 440 U.S. 472 (1979). The U.S. Court of Appeals for the Third Circuit vacated our judgment and held that the regulation was properly analyzed under <u>Chevron</u>, not <u>Natl. Muffler</u>. <u>Swallows Holding, Ltd. v. Commissioner</u>, 515 F.3d at 167-168, 172.

This case is appealable to the United States Court of Appeals for the Third Circuit. Accordingly, in this case as well as <u>Lantz</u> the regulation is properly analyzed under <u>Chevron</u>. In <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, <u>supra</u> at 842-843, the Supreme Court set forth a two-step analysis:

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency must give effect to the unambiguously expressed intent of Congress [<u>Chevron</u> step one]. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute [<u>Chevron</u> step two].

See also <u>Swallows Holding, Ltd. v. Commissioner</u>, 515 F.3d at 167.

For the reasons more fully discussed in <u>Lantz</u>, section 1.6015-5(b)(1), Income Tax Regs., is invalid under <u>Chevron</u> step 1 because Congress has spoken to the precise question at issue and the regulation runs directly contrary to the nature of the relief provided in section 6015(f).  <u>Lantz v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 17).  If section 6015(f) is construed as silent or ambiguous, a 2-year limitations period is not a permissible construction of section 6015(f), and therefore section 1.6015-5(b)(1), Income Tax Regs., is invalid under <u>Chevron</u> step 2. <u>Lantz v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 18-19, 30).

Respondent's only argument in support of his motion for summary judgment is that petitioner's requests for relief were untimely.  Because the regulation upon which respondent relies in denying relief under section 6015(f) is an invalid interpretation of section 6015, respondent has failed to meet his burden of proving that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law on the issue of whether petitioner is entitled to relief under section 6015(f). Accordingly, respondent's motion for summary judgment will be granted in part and denied in part.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.