T.C. Memo. 2012-171

UNITED STATES TAX COURT

TU PHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19894-09.　　　　　　　　Filed June 19, 2012.

<u>Howard L. Gleit</u>, for petitioner.

<u>Jonathan E. Behrens</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This matter is before the Court on the following motions:

(1) petitioner's motion to reconsider our January 24, 2011, order (Court's order)

denying petitioner's motion for summary judgment; and (2) respondent's cross-

motion for partial summary judgment pursuant to Rule 121.[1] The issues for decision are:

(1) whether petitioner's request for innocent spouse relief was timely under section 6015(b) or (c). We hold that petitioner's request was untimely, and we will grant respondent's cross-motion for partial summary judgment; and

(2) whether the Court's order should be vacated and summary judgment be granted to petitioner on the ground that respondent denied his request for innocent spouse relief under section 6015(f) solely on the basis of section 1.6015-5(b)(1), Income Tax Regs.--a period of limitations regulation that the Commissioner subsequently abandoned. We hold that the Court's order remains in full force and effect, and petitioner's motion to reconsider the Court's order will be denied.

Background

Petitioner resided in New Jersey at the time he filed his petition. On April 15, 2005, respondent issued to petitioner and his former spouse, Tuyet Vo, a statutory notice of deficiency, having determined deficiencies in income tax and penalties of $49,335 and $25,914 for tax years 2001 and 2002, respectively. Neither petitioner nor his former spouse filed a petition contesting the notice of deficiency. As a

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

result, on December 27, 2005, respondent sent petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, for the 2001 and 2002 income tax liabilities.

On May 8, 2008, petitioner filed Form 8857, Request for Innocent Spouse Relief, for tax years 2001 and 2002 under section 6015(b), (c), and (f). Less than three weeks later respondent provided petitioner with a preliminary determination proposing to deny his request because "[he] did not file * * * [his] request timely". Petitioner then filed Form 12509, Statement of Disagreement, in response to the preliminary determination. On May 13, 2009, respondent's Appeals Office issued petitioner a final determination sustaining the preliminary determination. Petitioner timely filed a petition with this Court seeking review of respondent's determination.

Shortly after the petition was filed, respondent requested that the Cincinnati Centralized Innocent Spouse Operations (CCISO) unit[2] consider the merits of petitioner's claim for innocent spouse relief under section 6015(f). The CCISO unit determined in a "workpaper" dated November 24, 2009, that petitioner's request for innocent spouse relief should be denied on the basis of several factors: (1) he had

---

[2]The CCISO unit is the administrative body within the Internal Revenue Service that considers the merits of innocent spouse claims.

constructive knowledge of unreported income; (2) the return was not signed under duress; (3) he had not been in compliance with all tax laws; and (4) payment of the tax liability will not cause economic hardship. While CCISO's findings were reflected in respondent's April 30, 2010, pretrial memorandum, the CCISO workpaper was not provided to petitioner until September 16, 2010. Petitioner responded by filing a motion for summary judgment on November 23, 2010, asserting that he should have been informed in the preliminary and final determinations of CCISO's reasons for denying his request for innocent spouse relief.

Petitioner argued that he was therefore denied material due process rights and that the only issue before the Court was whether the two-year limitations period applied to a request for innocent spouse relief under section 6015(f). Respondent filed a cross-motion for summary judgment, arguing that petitioner's request for innocent spouse relief was untimely under section 6015(b), (c), and (f). Petitioner's motion was denied by the Court's order after the Court of Appeals for the Third Circuit in Mannella v. Commissioner, 631 F.3d 115 (3d Cir. 2011), rev'g 132 T.C. 196 (2009), held that the two-year limitations period for requests for innocent spouse relief under section 6015(f) imposed by section 1.6015-5(b)(1), Income Tax Regs., was a valid exercise of the Commissioner's rulemaking authority. On June

28, 2011, petitioner filed a motion to reconsider the Court's order after the Commissioner and various members of Congress stated the necessity of reviewing the rules governing innocent spouse relief--specifically the two-year limitation on requests for innocent spouse relief under section 6015(f).

On July 25, 2011, the Internal Revenue Service (IRS) issued Notice 2011-70, 2011-32 I.R.B. 135 (notice), expanding the period within which individuals may request equitable relief from joint and several liability under section 6015(f). Accordingly, respondent has withdrawn any argument or defense asserting that the two-year deadline bars petitioner's request for equitable relief under section 6015(f). A hearing was held on November 14, 2011, to hear both petitioner's motion to reconsider the Court's order denying his motion for summary judgment and respondent's cross-motion for partial summary judgment under section 6015(b) and (c).

Discussion

## I. Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions,

and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The existence of any reasonable doubt as to the facts will result in denial of the motion for summary judgment. Hoeme v. Commissioner, 63 T.C. 18, 20 (1974).

Petitioner moves the Court to reconsider the Court's order denying his motion for summary judgment. Petitioner argues that he was denied material procedural rights and that the only issue before the Court is whether his request for innocent spouse relief was timely filed under section 6015(f). Respondent moves the Court for summary judgment with regard to petitioner's request for innocent spouse relief under section 6015(b) and (c) on the ground that it was not filed within the period of limitations prescribed by section 6015(b)(1)(E) and (c)(3)(B), respectively.

II. Section 6015

In general, married taxpayers who file a joint Federal income tax return are jointly and severally liable for the tax reported or reportable on the return. Sec. 6013(d)(3). Section 6015 allows a spouse to obtain relief from joint and several liability in certain circumstances. Section 6015(a)(1) provides that a spouse who has made a joint return may elect to seek relief from joint and several liability under section 6015(b) (dealing with relief from liability for an understatement of tax with respect to a joint return). Section 6015(a)(2) provides that an eligible spouse may elect to limit that spouse's liability for any deficiency with respect to a joint return under section 6015(c) (dealing with relief from joint and several liability for taxpayers who are no longer married or who are legally separated or no longer living together). If a taxpayer does not qualify for relief under either section 6015(b) or (c), the taxpayer may seek equitable relief under section 6015(f). Under section 6015(f), the Secretary has discretion to grant equitable relief for any unpaid tax or any deficiency (or any portion of either) to a spouse who filed a joint return. See also sec. 1.6015-4(a), Income Tax Regs.

As a procedural matter, a spouse seeking relief under section 6015(b) or (c) must submit a claim for relief within two years of the date on which the Secretary begins collection activities with respect to such spouse. See sec. 6015(b)(1)(E),

(c)(3)(B). A collection activity includes a section 6330 notice. Sec. 1.6015-5(b)(2)(i), Income Tax Regs. A section 6330 notice refers to the notice sent pursuant to section 6330, providing taxpayers with notice of the IRS' intent to levy and of their right to a collection due process hearing. Sec. 1.6015-5(b)(2)(ii), Income Tax Regs. Respondent sent petitioner a final notice of intent to levy on December 27, 2005. Petitioner filed his request for innocent spouse relief on May 8, 2008--more than two years after respondent began collection activities. Therefore, petitioner's request for innocent spouse relief under section 6015(b) and (c) was untimely. Accordingly, we will grant respondent's cross-motion for partial summary judgment with regard to section 6015(b) and (c) relief.

We now turn to whether petitioner's motion to reconsider the Court's order denying his motion for summary judgment with regard to section 6015(f) relief should be granted. Petitioner contends that he is entitled to relief from joint and several liability under section 6015(f) because he was denied "material procedural rights" in clear violation of respondent's procedural rules and regulations--neither the preliminary determination nor the final determination set forth valid grounds for denying petitioner's request for innocent spouse relief. Moreover, petitioner argues that respondent is foreclosed from defending his denial of innocent spouse relief on the merits because the preliminary and final determinations denied petitioner's

request solely on the basis of timeliness. Therefore, petitioner concludes that the only issue before the Court is whether his request for innocent spouse relief under section 6015(f) was timely filed. We disagree with petitioner.

We begin by noting that neither the statute nor the regulations prescribe the exact form or content of a notice of final determination of relief under section 6015. Barnes v. Commissioner, 130 T.C. 248, 254 (2008). Petitioner argues that the final determination should have included merit-based reasons for respondent's decision to deny his request for innocent spouse relief, such as those found in CCISO's workpaper. Petitioner cites no direct authority for this proposition, but he points us to Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), rev'g 81 T.C. 53 (1983), and Couzens v. Commissioner, 11 B.T.A. 1040, 1159-1160 (1928), to conclude that the final determination is invalid because respondent failed to make a "thoughtful and considered determination".

We find that respondent's determination was a "thoughtful and considered" determination--a request for innocent spouse relief under section 6015(f) was subject to a two-year period of limitations, which respondent chose to enforce rather than making a determination on the merits. Even though petitioner believes that respondent should ignore the period of limitations and make all decisions on the merits, respondent was not required to do so.

At the time of the preliminary determination and the final determination, the two-year period of limitations imposed upon requests for innocent spouse relief under section 6015(f) had been implemented through the rules and procedures governing the Commissioner's rulemaking authority. See Rev. Proc. 2003-61, 2003-2 C.B. 296; sec. 1.6015-5(b)(1), Income Tax Regs. While petitioner believes that the imposition of a two-year period of limitations for requests for innocent spouse relief under section 6015(f) was so unreasonable that it could not be valid grounds for making a final determination, Courts of Appeals have found otherwise. Jones v. Commissioner, 642 F.3d 459, 460 (4th Cir. 2011) (regulation fixing two-year limitations period constitutes a permissible interpretation of section 6015(f)); Mannella v. Commissioner, 631 F.3d at 117 (regulation is neither contrary to nor an impermissible implementation of section 6015); Lantz v. Commissioner, 607 F.3d 479 (7th Cir. 2010) (Commissioner could impose fixed deadline on section 6015(f) equitable relief provision), rev'g 132 T.C. 131 (2009). Petitioner's request under section 6015(f) was clearly not within the two-year period of limitations, and respondent denied that request solely on that ground. Petitioner has failed to explain why respondent should have done more.

Respondent's change in litigating position allows petitioner to argue his case before this Court on the merits, but he wants more than his day in court--he seeks to

be absolved from liability altogether. However, petitioner does not point to any authority that would allow us to grant relief in this manner, nor do we believe, as discussed <u>supra</u>, that it would be appropriate. Although respondent denied petitioner's request for section 6015(f) relief solely on the ground of untimeliness, a position respondent now concedes, the parties' dispute is far from being resolved. <u>See</u> <u>Torrisi v. Commissioner</u>, T.C. Memo. 2011-235.

III. <u>Conclusion</u>

For the reasons stated herein, respondent's cross-motion for partial summary judgment with respect to section 6015(b) and (c) relief will be granted, and petitioner's motion to reconsider the Court's order will be denied.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be entered</u>.